UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HOUSTON JACKSON**                                                **CIVIL ACTION**

**versus**                                                         **NO. 14-680**

**N. BURL CAIN, WARDEN**                                           **SECTION: "S" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

Petitioner, Houston Jackson, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On November 7, 1998, he was convicted of second degree murder and conspiracy to commit armed robbery under Louisiana law. He was then sentenced on the second degree murder conviction to a term of life imprisonment, and he was sentenced as a habitual offender on the conspiracy to commit armed robbery conviction to a term of forty-nine and one-half years imprisonment, without benefit of parole, probation, or suspension of sentence. It was ordered

---

[1] Because it is apparent from the face of the petition that this Court lacks jurisdiction, the undersigned has not required the state to file a response to the application. See Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

that his sentences run consecutively.  The Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences on March 15, 2001, State v. Jackson, 783 So.2d 482 (La. App. 5th Cir. 2001), and the Louisiana Supreme Court denied his related writ application on May 9, 2003, State v. Jackson, 843 So.2d 385 (La. 2003).

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed a federal application seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  That application was dismissed with prejudice as untimely, Jackson v. Cain, Civ. Action No. 05-3991 (E.D. La. Mar. 3, 2006), and the United States Fifth Circuit Court of Appeal denied a certificate of appealability, Jackson v. Cain, No. 06-30322 (5th Cir. Jan. 12, 2007).

In 2011, petitioner then attempted to file another § 2254 application.  However, because that application was considered a "second or successive" petition which required prior authorization for its filing, the petition was transferred to United States Fifth Circuit Court of Appeals.  Jackson v. Cain, Civ. Action No. 11-1625 (E.D. La. July 21, 2011).  The Court of Appeals denied authorization for the petition's filing.  *In re* Jackson, No. 11-30663 (5th Cir. Oct. 5, 2011).

Undeterred, petitioner recently filed the instant § 2254 application in this Court,[2] while simultaneously filing a motion for authorization directly with the United States Fifth Circuit Court of Appeals.[3]  However, the Court of Appeals has since denied authorization for the instant petition's filing.  *In re* Jackson, No. 14-30166 (5th Cir. June 4, 2014).  Therefore, for the following reasons, this petition must be dismissed.

---

[2] Rec. Doc. 3.

[3] See Rec. Doc. 3, p. 11.

> Federal law provides:
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

Here, the United States Fifth Circuit Court of Appeals has not granted authorization for the instant petition's filing; on the contrary, as noted, the Court of Appeals has expressly denied such authorization. Accordingly, this Court lacks jurisdiction to consider petitioner's claims. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007); Adams v. Thaler, 679 F.3d 312, 321-23 (5th Cir. 2012); Wetzel v. LeBlanc, Civ. Action No. 13-5913, 2013 WL 5739082 (E.D. La. Oct. 22, 2013).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the successive petition for federal *habeas corpus* relief filed by Houston Jackson be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this tenth day of June, 2014.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.